# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF IOWA

| IN RE: | IN THE MATTER OF THE | : | |
| --- | --- | --- | --- |
| | SEARCH OF ELECTRONIC | : | CASE NO. 4:14-MC-36 |
| | COMMUNICATIONS | : | |
| | IN THE ACCOUNT | : | |
| | jesserbenton@gmail.com | : | |
| | AT INTERNET SERVICE | : | |
| | PROVIDER GOOGLE, INC. | : | |

## MOTION FOR TEMPORARY RELIEF FROM
## ORDER DENYING MOTION TO QUASH SEARCH WARRANT

The undersigned counsel, on behalf of interested party Jesse R. Benton, moves this Court for a temporary order staying Google, Inc.'s compliance with the search warrant issued for the personal Gmail account of Mr. Benton, jesserbenton@gmail.com. In support of this Motion for Temporary Relief, Mr. Benton states the following.

### A. BACKGROUND

On June 23, 2014, Mr. Benton received a subpoena to testify before a grand jury in the Southern District of Iowa and to produce certain documents. *See* ECF No. 2 at Ex. D. (Benton Grand Jury Subpoena). Subsequent to the receipt of the subpoena, Mr. Benton began preparing to produce responsive documents to the government and did soon a rolling basis through the fall of 2014. *Id.* Mr. Benton, as a consultant to various political campaigns, utilizes his personal Gmail email account for a variety of reasons and it is extraordinarily large in size. Mr. Benton pays for 40 GB of memory which equates to approximately 700,000 documents. *Id.* As of the end of 2014, Mr. Benton produced hundreds of pages of responsive emails from his Gmail account. In addition, Mr. Benton produced a summary log (50,000 pages in length) which listed out every, single email in his account with various descriptors. *See e.g.* Example page of Gmail Summary Log, attached hereto as Exhibit A. Mr. Benton provided the government with this summary log as a show of cooperation and good faith. Mr. Benton's email account was so large

and expansive, that he recognized that there may have been responsive documents that were not detected during counsel's electronic review of the data. Therefore, Mr. Benton provided the government with the summary log so that the government could review it and follow-up with Mr. Benton's counsel should the government require more information. *See e.g.* Oct. 14, 2014 correspondence to FBI Agent LoStracco transmitting documents and Gmail Summary Log, attached hereto as Exhibit B. Indeed, just a month ago, the government contacted Mr. Benton's counsel requesting additional documents that were inadvertently overlooked during the initial productions. *See* ECF No. 18 at 2, attached hereto as Exhibit C.

Unbeknownst to Mr. Benton, the government had obtained a search warrant on July 24, 2014 commanding Google, Inc. to copy and provide to the government the contents of *all of Mr. Benton's emails from March 2011 to the present date*. *See* ECF No. 2 at Ex. D. The search warrant was supported by the affidavit of Federal Bureau of Investigation Agent LoStracco, which the government maintains provides probable cause to seize and search Mr. Benton's entire Gmail account. *See* ECF No. 17.[1] The very next day, Google, Inc. was served with the search warrant for Mr. Benton's Gmail account and, of its own volition, contacted the government on August 7, 2014, asking for additional time to comply with the search warrant. *Id.* Then on August 18, 2014, Mr. Benton received notice from Google that it had received legal process for his account.[2] ECF No. 2 at 6, Ex. G. After receiving notice of the search warrant, Mr. Benton

---

[1] Mr. Benton was not and is not in a position to challenge such statement because, while the government has moved to unseal the instant case, Agent LoStracco's affidavit still remains under seal.

[2] Even though Mr. Benton made clear to the government and the Court how he received notification of the search warrant, the government maintained as of last week that it was not aware how Mr. Benton found out about the search warrant, improperly implying nefarious acts on the part of Mr. Benton. ECF No. 17 at 2, ¶2. The Court was also apparently influenced by this statement as it was repeated in the Order denying Mr. Benton's motion. ECF No. 19 at 1, n.1.

filed a motion to quash (or set aside/vacate) the search warrant for lack of probable cause and the instant litigation ensued.  *See* ECF No. 2.

The motion was briefed by both parties and there was no movement in the case until 8 months later on May 22, 2015, when the government wrote a letter to Magistrate Judge Adams requesting a hearing on Mr. Benton's motion.  *See* May 22, 2015 correspondence attached hereto as Exhibit D.  Magistrate Adams then held a hearing with the parties on June 4, 2015, where each party vigorously defended their positions.  *See* ECF No. 16.

Then, on August 5, 2015, the government unsealed an indictment against Mr. Benton and two other persons associated with the government's investigation into Kent Sorenson's involvement with the 2012 Ron Paul Presidential Campaign.  *See* ECF No. 18.  Only after indictment of Mr. Benton, did the government then move to unseal the instant case and again, attempt to influence the Court into issuing a decision the search warrant.  *See* ECF No. 17.

On August 11, 2015, Magistrate Adams issued a short opinion denying Mr. Benton's motion to vacate the search warrant stating that Mr. Benton did not provide legal authority which would allow him to prevent the execution of a search warrant and that the government intended to follow Federal Rule of Criminal Procedure 41(e).  ECF No. 19 at 2.  The government contacted Google on the same day demanding that Google immediately comply with the terms of the search warrant and produce the content of Mr. Benton's voluminous email account.

### B. ARGUMENT

The search warrant issued on July 24, 2014 for Mr. Benton's Gmail account cannot be supported by probable cause and, therefore, is in violation of Mr. Benton's constitutional rights. Mr. Benton intends to promptly seek review of Magistrate Judge Adams' Order denying his motion pursuant to Federal Rule of Criminal Procedure 59 based on lack of probable cause.

However, Mr. Benton seeks immediate relief from this Court staying the execution of the search warrant (and performance by Google) until after this Court has ruled on Mr. Benton's appeal. The government's main argument in opposition to Mr. Benton's motion is that he was attempting to interfere with a government investigation and that the law does not allow Mr. Benton a procedural vehicle by which to challenge the pre-execution of a search warrant for electronic records. *See* ECF No. 7. But the government is clearly mistaken – the Fourth Amendment to the U.S. Constitution clearly states that Mr. Benton's right to be secure in his person, papers, and effects shall not be violated and a warrant may only issue upon a showing of probable cause. U.S. CONST. AMEND. IV. The mere fact that the criminal rules of procedure have not kept pace with advances in technology does not trump the mandate of the U.S. Constitution. *See In the Matter of the Search of: Cellular Telephones within Evidence Facility Drug Enforcement Administration,* Case No. 14-MJ-8017-DJW, 2014 U.S. Dist. LEXIS 182165 (Dec. 30, 2014). Mr. Benton can show that rather than complying with the Fourth Amendment, the government has served a general warrant on Google which will allow it to over-seize items for which no probable cause can exist.

Further, the government's reliance on Federal Rule of Criminal Procedure 41(e) is misplaced because that rule governs the government's ability to seize a copy of electronic data when executing a search warrant on a premises or business. Here, the government is attempting to seize the content of all of Mr. Benton's email from a third party host (a "cloud service") when it is able to narrow the scope of its search warrant to those particular items for which it can establish probable cause through the use of custodians, search terms, email identifiers and the like. Contrary to the government's statement that Mr. Benton's personal email account is *not* like warehouse of documents where the government has the *right* to search through each

document.[3]  The government must establish probable cause for the items which it wishes to seize and search from Mr. Benton's personal email account and it should be required to do so in the least restrictive manner given the particular situation of this case.

Moreover, this Court should temporarily stay Google's compliance with the search warrant pending the outcome of Mr. Benton's appeal because forcing Mr. Benton to wait until *after* his rights have been trampled on to then file a motion to suppress is futile since the government will then claim "good faith reliance."  *See U.S. v. Jefferson,* 2015 U.S. Dist. LEXIS 72743, *19 (June 5, 2015) (finding that even if probable cause did not exist for the search warrant, the officers relied in good faith on the search warrant such that the Court must deny the defendant's motion to suppress); *U.S. v. Lustyik*, 57 F. Supp. 3d 213, 229 (S.D.N.Y. 2014).  Mr. Benton is not attempting in any manner to interfere with a government investigation and indeed, has gone above and beyond to cooperate with the government's search and review of the emails in his possession that the government believes is related to its investigation.  The government currently has a roadmap to all of Mr. Benton's emails and at any time during the past year could have requested additional production of documents from Mr. Benton based on the Gmail Summary Log he provided.  But instead of respecting Mr. Benton's constitutionally protected privacy rights, the government wishes to go on a general fishing expedition which cannot be allowed.

### C. CONCLUSION

For the above stated reasons, this Court should issue a temporary order staying the execution of the search warrant in the above-captioned case until the Court has had the opportunity to hear Mr. Benton's appeal.  At a minimum, the Court should issue an order

---

[3] Hearing Tr. dated June 4, 2015 (still under seal at the time of this filing).

amending the search warrant's date ranges to limit them to March 1, 2011 through July 2, 2014 (the date the search warrant was served on Google) because it cannot be legitimately disputed that the government has not and cannot establish probable cause to seize the content of Mr. Benton's emails – *with counsel and about the government's investigation* – for the past year.

Dated: August 12, 2015

                                         Respectfully Submitted by,

                                         */s/Roscoe C. Howard, Jr.*
                                         Roscoe C. Howard, Jr.
                                         Meena T. Sinfelt
                                         Barnes & Thornburg, LLP
                                         1717 Pennsylvania Avenue, NW, Suite 500
                                         Washington, D.C. 20006-4623
                                         (202) 371-6378

                                         *Attorneys for Jesse R. Benton*

# CERTIFICATE OF SERVICE

I, Roscoe C. Howard, Jr. hereby certify that a true and correct copy of the *Motion for Temporary Relief* has been served on all counsel of record via ECF and the following parties via email:

    John Roche
    Perkins Coie LLP
    700 Thirteenth Street, NW Suite 600
    Washington, D.C. 20005-3960
    Telephone: 202-434-1627
    Email: JRoche@perkinscoie.com
    *Counsel for Google, Inc.*

    Laurin Mills
    David Warrington
    LeClair Ryan
    2318 Mill Road, Suite 1100
    Alexandria, Virginia 22314
    (703) 647-5903 Direct
    Laurin.Mills@leclairryan.com
    David.Warrington@leclairryan.com
    *Counsel for John Tate*

    Jesse Binnall
    Harvey & Binnall PLLC
    717 King Street
    Suite 300
    Alexandria, VA 22314
    jbinnall@harveybinnall.com
    *Counsel for Dimitri Kesari*

                                                */s/Roscoe C. Howard, Jr.*
                                                Roscoe C. Howard, Jr.

Dated: August 12, 2015