IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| IN THE MATTER OF THE SEARCH OF ELECTRONIC COMMUNICATIONS IN THE ACCOUNT jesserbenton@gmail.com | ) ) ) ) | Case No. 4:14-MC-36<br><br>GOVERNMENT'S OPPOSITION TO MOTION FOR TEMPORARY RELIEF |

The United States of America, by and through undersigned counsel, respectfully opposes movant Jesse Benton's "Motion for Temporary Relief" from this Court's August 10, 2015 order denying Benton's "motion to quash" a search warrant for his email account signed by Magistrate Judge Thomas Shields on July 24, 2014. Because the criminal case against Mr. Benton has now been indicted, the proper vehicle for any challenge to the search warrant is a motion to suppress evidence obtained from the warrant filed in the criminal case. Mr. Benton's notion of "temporary relief" following a year of baseless disregard for a lawful search warrant and of this Court's August 10 order is no basis to continue this separate litigation any further.

## Facts

On July 24, 2014, Magistrate Judge Thomas J. Shields of this Court issued a search warrant authorizing law enforcement to search the email account jesserbenton@gmail.com for evidence of suspected criminal violations of federal campaign finance laws and related statutes. The warrant was issued on the application of FBI Special Agent Karen LoStracco and was supported by her sworn affidavit.

On July 25, 2014, the Federal Bureau of Investigation (FBI) served the warrant on Google, Inc. On August 29, 2014, Google informed the government that an attorney representing defendant Benton had advised Google that defendant Benton intended to object to enforcement of the warrant, and that Google would refuse to produce any documents responsive

1

to the warrant until defendant Benton's challenge to the warrant was resolved.[1]

On September 2, 2014, counsel for defendant Benton filed a motion to "quash" the search warrant that was issued by this Court. On September 12, 2014, the government filed an opposition arguing that (1) there is no legal authority whatsoever that allows defendant Benton to block the exercise of a search warrant issued on a finding of probable cause by this Court, and (2) in any event, the warrant is not overbroad or otherwise legally defective. On September 19, 2014, Defendant Benton filed a reply. On June 4, 2015, the Court held a telephonic hearing on the motion. On August 10, 2015, this Court issued a straightforward and direct Order denying Defendant Benton's motion to quash the warrant, stating it "agrees with the reasons and arguments raised by the Government in its written and oral submissions," to wit, that the defendant's motion is wholly unsupported by any law.

After the Court issued its order, the FBI emailed a copy of the order and another copy of the warrant to Google's law enforcement contacts email account, requesting production of the requested documents "as soon as possible." On the morning of August 11, 2015, government counsel advised counsel for Google that the motion to "quash" had been denied, and that the government expected Google to begin producing documents responsive to the warrant immediately. Google responded not by complying with the warrant, but by an email message

---

[1] In prior pleadings filed in this matter, the government noted that Google appeared to have advised Mr. Benton of the existence of the warrant notwithstanding the fact that the warrant authorized delayed notification to the account holder. In a letter dated August 12, 2015, Google pointed out to the government that on August 7, 2014, Google emailed the FBI regarding this warrant stating that Google's "policy [is] to notify the user via email before any information is disclosed, unless such notice is prohibited by law." The email then stated, "Because we did not receive a non-disclosure order, and there is no other apparent legal prohibition, Google intends to notify the user(s) before producing data in this matter." The warrant for Mr. Benton's email account included a delayed disclosure order under 18 U.S.C. § 3103a(b), which authorizes delayed disclosure by the government, and 18 U.S.C. § 2705, which lists the reasons to authorize delayed disclosure, but the warrant did not cite 18 U.S.C. § 2705(b), the statutory provision that allows the government to seek an order to the electronic communications provider delaying disclosure to the account holder. Because this legal distinction was not apparent to the FBI, the FBI responded to Google stating no objection to notification of the account holder.

from counsel stating that it had communicated with defendant Benton's counsel, and intended to disregard the warrant in anticipation of further attempted litigation by defendant Benton. The government advised that it could not accept Google's position, and intended to file an appropriate motion. On August 12, 2015, defendant Benton filed a "Motion for Temporary Relief from Order Denying Motion To Quash Search Warrant" in No. 4:14-MC-36. That same day, counsel for Google advised the government that Google does not intend to comply with the warrant while defendant Benton's "motion for temporary relief" is pending.

In the meantime, on July 30, 2015, a grand jury of this Court returned a sealed indictment in this case, charging defendant Benton and co-defendants John M. Tate and Dimitrios N. Kesari, upon probable cause, with Conspiracy, Causing False Records, Causing False Campaign Expenditure Reports, Making False Statements, and Obstruction of Justice. Those charges arose out of the same investigation as the search warrant issued by this Court on July 24, 2014.

Defendant Kesari made his initial appearance on August 5, 2015. At defendant Kesari's initial appearance, after which the Court unsealed the indictment, the Court set an initial discovery deadline of August 17, 2015, and a trial date of October 5, 2015, for defendant Kesari. On August 12, 2015, the government filed a proposed discovery and protective order upon an agreement by all parties that contemplates production of most discovery even before the initial appearance of defendants Benton and Tate on August 20, 2015, and also specifically contemplates discovery arising from the search warrant now resisted by Google within thirty days of compliance by Google.

To date, Google has not produced any documents to the government.

## Argument

As the government argued in its opposition to Mr. Benton's motion to quash, and as this

Court correctly decided in its August 10 order, there is no legal authority that allows Mr. Benton to move to "quash" before execution a search warrant issued by a court of competent jurisdiction. Instead, Mr. Benton's proper remedy is to file in the pending criminal case a motion to suppress evidence seized pursuant to the warrant. "The Constitution protects property owners not by giving them license to engage the police in a debate over the basis for the warrant, but by interposing, ex ante, 'the deliberate, impartial judgment of a judicial officer . . . between the citizen and the police,' *Wong Sun v. United States*, 371 U.S. 471, 481-482, and by providing, *ex post*, a right to suppress evidence improperly obtained and a cause of action for damages." *United States v. Grubbs,* 547 U.S. 90, 98 (2006); *cf., Imperial Distributors, Inc. v. United States*, 617 F.2d 892, 895 (1st Cir. 1980) (no interlocutory appeal under Fed. R. Crim. P. 41(g) during grand jury phase of criminal proceeding; "motion for return of the property is to be treated as one to suppress after an information or an indictment is filed").

Mr. Benton's motion for temporary relief offers no reason to depart from this well-established path. On the contrary, the cases cited in Mr. Benton's motion only support the government's position. *United States v. Jefferson*, 2015 U.S. Dist. LEXIS 72743 (E.D. Mich. June 5, 2015) and *United States v. Lustyik*, 57 F. Supp. 3d 213, 229 (S.D.N.Y. 2014) are both district court decisions on motions to suppress evidence seized pursuant to a warrant, precisely the course the government argues Mr. Benton is required to follow. Mr. Benton complains that in these cases the government relied on the good-faith exception to the exclusionary rule, but he cites no case for the proposition that the target of a search warrant may avoid suppression litigation by filing a "motion to quash" the warrant after the warrant has been issued by a court of competent jurisdiction but before it has been executed. The remaining legal arguments in Mr. Benton's motion merely rehash the positions that Mr. Benton set forth in his initial motion to

suppress and that this Court has already rejected.

Finally, a stay is unwarranted for the additional reason that, given the novel and unprecedented nature of Mr. Benton's "motion to quash" the search warrant for lack of probable cause, it is not clear that any appeal or reconsideration of this matter is available to him at this stage. The rule he cites, Federal Rule of Criminal Procedure 59, allows for review of matters "refer[red] to a magistrate judge for determination" by a "district judge." This matter was not referred to a magistrate judge for determination by a district judge (as, for example, a district judge might refer a motion to suppress). It was invented out of whole cloth by Mr. Benton, who still has not provided the court with a citation to a single court decision granting a motion to "quash" a judge-signed search warrant. Accordingly, the proper procedural path is a motion to suppress filed in the criminal case with the district judge, not a Rule 59 motion unnecessarily prolonging this separate matter.

        Respectfully submitted,

        RAYMOND N. HULSER
        Chief, Public Integrity Section

By:    /s/ Jonathan I. Kravis
        Richard C. Pilger
        Director, Election Crimes Branch
        Jonathan I. Kravis
        Trial Attorney
        Public Integrity Section
        Criminal Divsion
        United States Department of Justice
        Criminal Division
        Tel. (202) 514-1412 (office)
        Fax: (202) 514-3003
        Email:  richard.pilger@usdoj.gov
                  jonathan.kravis@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on August 13, 2015, I
electronically filed the foregoing with the
Clerk of Court using the CM ECF system. I hereby
certify that a copy of this document was served
on the parties or attorneys of record by:

____U.S. Mail  _____ Fax  _____Hand Delivery

  X  ECF/Electronic filing     ___Other means;


RAYMOND N. HULSER
Chief, Public Integrity Section

By:        /s/   >>>>>
           Richard C. Pilger
           Director, Election Crimes Branch
           Jonathan I. Kravis
           Trial Attorney
           Public Integrity Section
           Criminal Division
           United States Department of Justice